UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK **CV 13-**          **3201**

------------------------------------------------------------------- x

KASSIA MCKENZIE,

                                          Plaintiff,          **COMPLAINT AND
                                                              JURY DEMAND** BLOCK, J.

                    -against-

THE CITY OF NEW YORK, ERIC RODRIGUEZ,
ALFRED MOBERG and MICHAEL DARBANVILLE
Shield #1167

                                          Defendants.
                                                              ECF CASE   MANN. M.J.
------------------------------------------------------------------- X


Plaintiff KASSIA MCKENZIE, by her attorney, Wadeedah Sheeheed, Esq., complaining of the

defendants, respectfully alleges as follows:


## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's

fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of her civil rights, as said

rights are secured by said statutes and the Constitution of the State of New York and the United

States.  Plaintiff also asserts supplemental state law claims.  As set forth more fully herein,

plaintiff was falsely arrested and maliciously prosecuted on October 19, 2011 by a New York

City detective who thereafter fabricated official reports and statements in an attempt to cover up

the incident.

## JURISDICTION

2.    The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.    Venue is properly laid in the EASTERN District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claims arose.

## JURY DEMAND

5.    Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.    At all relevant times plaintiff, KASSIA MCKENZIE and African-American woman, was a resident of New York County, located in the City of New York and State of New York.

7.    Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.    Inspector Eric Rodriguez was at all times here relevant the commanding officer of the 70th Precinct, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers within the precinct, including the other individual defendant. Inspector Rodriguez is sued in his individual and official capacities.

9.    All others individual defendants ("the officers") are employees of the NYPD, and are sued in their individual capacities.

10.   At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11.   On or about October 19, 2011 Plaintiff KASSIA MCKENZIE was unlawfully arrested and maliciously prosecuted without probable cause by Det. Michael Darbanville at the 70th Precinct in Brooklyn, New York. Plaintiff was charged with possession of a forged instrument in the second and third degree, grand larceny in the fourth degree, petit larceny and criminal possession of stolen property in the fifth degree under docket 2011BX057012. Defendant Detective Darbanville failed to properly investigate the case prior to arresting Plaintiff.

12.   Plaintiff KASSIA MCKENZIE was placed under arrest despite defendant's knowledge that they lacked probable cause to do so.

13.   Plaintiff KASSIA MCKENZIE was fingerprinted, photographed and handcuffed by Defendant Detective Darbanville at the 70th Precinct. Defendant Alfred Moberg is the supervisor who approved this unlawful arrest of the plaintiff despite the lack of a proper investigation.

14.   Plaintiff KASSIA MCKENZIE was held and detained in police custody for approximately twenty-four hours.

15.   On or about October 20, 2011 Plaintiff KASSIA MCKENZIE was arraigned in Bronx Criminal Court of the State of New York and released from custody on her own recognizance.

16.   Defendant Detective Darbanville initiated criminal court proceedings against Plaintiff KASSIA MCKENZIE despite the defendant's knowledge that he lacked probable cause to do so.

17.   Thereafter, Plaintiff KASSIA MCKENZIE was required to return to the Criminal Court

due to this arrest.

18.   Plaintiff KASSIA MCKENZIE was required to make several court appearances to defend herself in the criminal proceeding that defendant's had maliciously initiated against her.

19.   On March 6, 2012 all criminal charges against plaintiff were dismissed.

20.   As a result of the foregoing, Plaintiff KASSIA MCKENZIE sustained, *inter alia*, loss of liberty, emotional distress, anxiety, depression, embarrassment, humiliation, and deprivation of her constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

21.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "20" with the same force and effect as if fully set forth herein.

22.   Defendants acted under color of law and conspired to deprive plaintiff of her civil, constitutional and statutory rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983 and §§ 6 and 12 of the New York State Constitution.

23.   Plaintiff has been damaged as a result of defendants' wrongful acts.

### AS AND FOR A SECOND CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

24.   Plaintiff repeats, reiterates and realleges each and every allegation contained in

4

paragraphs numbered "1" through "23" with the same force and effect as if fully set forth herein.

25.    Defendants had an affirmative duty to intervene on behalf of plaintiff KASSIA MCKENZIE, whose constitutional rights were being violated in their presence by another officer.

26.    The defendants failed to intervene to prevent the unlawful conduct described herein.

27.    As a result of the foregoing, plaintiff KASSIA MCKENZIE was humiliated, subjected to unjustified loss of liberty, embarrassment, emotional trauma and distress.

### AS AND FOR A THIRD CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

28.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29.    The Defendant Inspector Rodriguez personally caused Plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

30.    As a result of the foregoing, plaintiff KASSIA MCKENZIE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### Supplemental State Law Claims

31.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon,

5

presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

33.    The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

34.    The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

35.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

36.    This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

37.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.    Defendants made offensive contact with plaintiff without privilege or consent.

39.    As a result of defendant's conduct, plaintiff KASSIA MCKENZIE has suffered mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

40.    Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable

6

bounds of decency.

42.   The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

43.   The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

44.   The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff KASSIA MCKENZIE.

45.   As a result of the aforementioned conduct, plaintiff KASSIA MCKENZIE suffered severe emotional distress and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.


### AS AND FOR AN SIXTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

46.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.   Upon information and belief, Defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendant who failed to conduct any investigation which resulted in the false arrest and malicious prosecution of the plaintiff KASSIA MCKENZIE.

48.   Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

49.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.    Upon information and belief the Defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who failed to conduct any investigation which resulted in the false arrest and malicious prosecution of the plaintiff KASSIA MCKENZIE.

## AS AND FOR A EIGHTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

51.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the Defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A NINETH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

53.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.    Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the

wrongful conduct described herein.

55.  As a result of the foregoing, plaintiff KASSIA MCKENZIE is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of their action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

56.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.  The Defendants deliberately and maliciously prosecuted the Plaintiff, an innocent woman without any probable cause whatsoever, by filing or causing a criminal complaint to be filed in the Criminal Court of the City of New York, Bronx County, for the purpose of falsely accusing the Plaintiff of violations of the criminal laws of the State of New York.

58.  The Defendants their agents, servants or employees failed to take reasonable steps to stop the prosecution of the Plaintiff and instead deliberately and maliciously provided false and/or incomplete information to the District Attorney's to induce prosecution of the Plaintiff.

59.  The commencement of these criminal proceedings under dockets **2011BX057012** was malicious and began in malice and without probable cause, so that the proceedings could succeed by the defendant.

60.  As a result of the malicious prosecutions, Plaintiff KASSIA MCKENZIE was deprived of her liberty and suffered humiliation, mental anguish, indignity and frustration of an unjust criminal prosecution. The Plaintiff remained in custody for approximately twenty four hours and made multiple trips to court defending against these unjust charges which were dismissed in their

9

entirety on or about March 6, 2012.

## AS AND FOR A ELEVENTH CAUSE OF ACTION
(False arrest and illegal imprisonment under the laws of the State of New York)

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

63. Defendants intended to confine plaintiff.

64. Plaintiff was conscious of her confinement and did not consent to her confinement.

65. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged.

**WHEREFORE**, plaintiff KASSIA MCKENZIE demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C ) reasonable attorney's fees and the costs and disbursements of their action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
      June 4, 2013

TO:   New York City
       Corporation Counsel Office
       100 Church Street, 4th floor
       New York, NY 10007

Yours, etc.,

WADEEDAH SHEEHEED, ESQ.
Bar #WS6903
Attorney for Plaintiff
45 Main Street
Suite 230
Brooklyn, NY 11201
(718) 855-8417
sheeheedlaw@gmail.com